IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan Alvarez-Rodriguez, | C/A No. 8:20-cv-3992-JFA-JDA |
| Petitioner, | |
| vs. | **ORDER** |
| Brian K. Dobbs, *Warden*, | |
| Respondent. | |

## I.     INTRODUCTION

*Pro se* petitioner Jonathan Alvarez-Rodriguez ("Petitioner"), an inmate at FCI-Williamsburg, brings this application for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this petition should be summarily dismissed without prejudice for lack of jurisdiction. (ECF No. 10). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

incorporates those facts and standards without a recitation. Petitioner filed objections to the Report on January 28, 2021. (ECF No. 14). Thus, this matter is ripe for review.

## II.    STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**III.    DISCUSSION**

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Essentially, the Magistrate Judge concluded that Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, the District Court for the District of Puerto Rico, which remains pending. Thus, Petitioner fails to meet the savings clause test of 28 U.S.C. § 2255(e) and this Court therefore lacks jurisdiction to consider the present §2241 petition.

3

Petitioner's sole objection to the Report is that he "does not have any other motions pending in the sentencing court under §2255 at this time as stated within the [Report]." (ECF No. 14, p. 1–2). Despite these assertions, a review of the sentencing court's docket clearly indicates Petitioner does indeed have a §2255 motion pending within his criminal case in District Court for the District of Puerto Rico at case number 3:14-cr-00447-001-PAD (ECF No. 58). This motion has been briefed and remains pending within the related civil action in the District Court for the District of Puerto Rico at civil action number 3:18-cv-01871-PAD.[2] Thus, Petitioner's objection is without merit and must be overruled.

After further review of the Report, the Court finds that the Magistrate Judge thoroughly considered Petitioner's arguments and that Petitioner's objections fail to point to any legal or factual error in the Magistrate Judge's analysis sufficient to alter the Magistrate Judge's findings and recommendations.

## IV.   CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. This Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by

---

[2] The Court takes judicial notice of the records in Petitioner's criminal case and habeas proceeding in the sentencing court. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

reference. (ECF No. 10). Accordingly, the petition (ECF No. 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

March 8, 2021                                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."